IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **LEDO PIZZA SYSTEM, INC.**<br>2001 Tidewater Colony Drive, Suite 201<br>Annapolis, MD 21401 | :<br><br>: | |
| and | : | |
| **LEDO PIZZA CARRYOUTS, INC.**<br>2015 La Porte Dr.<br>Palm Beach Gardens, FL 33410 | :<br><br>: | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: |
| **UBER TECHNOLOGIES, INC.**<br>1455 Market Street, 4th Floor<br>San Francisco, CA 94103 | :<br><br>: | |
| Serve On:<br>The Corporation Trust, Incorporated<br>2405 York Road<br>Suite 201<br>Lutherville Timonium, MD 21093 | :<br><br>:<br><br><br>: | |
| Defendant. | | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., by and through its undersigned counsel, sue the Defendant, Uber Technologies, Inc., and in support thereof, state as follows:

1

**Parties, Jurisdiction, and Venue**

1. Plaintiff, Ledo Pizza System, Inc. ("System") is registered and duly incorporated under the laws of Maryland.

2. System is engaged in the business of restaurant franchising throughout the Mid-Atlantic region and elsewhere.

3. Plaintiff, Ledo Pizza Carryouts, Inc. ("Carryouts") is registered and duly incorporated under the laws of the State of Florida.

4. Uber Technologies, Inc. ("Uber") is incorporated under the laws of Delaware and is registered to do business in the State of Maryland.

5. Uber's principal office is located at #8 182 Howard Street, San Francisco, California 94105.

6. Carryouts is the owner of the trademark and service mark, "LEDO PIZZA®," which has been continually used in Maryland since 1955; was registered in the State of Maryland in 1986; and federally registered with the United States Patent and Trademark Office Principal Register on December 13, 1988 (Reg. No. 1,516,567) and on May 6, 2003, (Reg. No. 2,712,869).

7. Carryouts licenses System to use the Ledo Pizza trademark and related intellectual property in the sale of franchised restaurants operating under the names "LEDO PIZZA," "LEDO PIZZA AND PASTA" and "LEDO PIZZA AND SUBS".

8. By virtue of Plaintiffs' continuous use and federal trademark registration of

the name, "LEDO PIZZA®," Plaintiffs own "LEDO PIZZA," "LEDO PIZZA AND PASTA," "LEDO PIZZA AND SUBS," and any other derivation thereof.

9. Plaintiffs make use of the Ledo Pizza trademark on its menus, signage, advertising materials and promotional material.

10. The Ledo Pizza trademark is a strong, arbitrary mark that warrants broad protection in both related and unrelated product and/or service classes.

11. Plaintiffs operate a highly recognizable chain of restaurants, with over 100 licensed and franchised locations in the United States and Plaintiffs' distinctive "LEDO PIZZA®" trademark has acquired a secondary meaning associated with quality pizza and pasta.

12. Plaintiffs have used the Ledo Pizza trademark to distinguish its quality products and accumulate substantial good will with consumers. The name Ledo Pizza has become highly renowned in the Mid-Atlantic and Southeastern United States over the last sixty years.

13. Among its many awards throughout the years, Ledo Pizza was previously named one of the best pizzas in America on the Oprah Winfrey Show. In 2013, the Daily Menu ranked Ledo Pizza No. 3 in its list of America's 25 Best Pizza Chains. In 2014, Ledo Pizza was named the Best Pizza in Maryland by Family Magazine's Reader's Choice Awards. In 2018, Ledo Pizza was named the Best Pizza in Washington by the Washington City Paper. Furthermore, for at least four years in a row, Ledo Pizza was ranked the Best

Pizza in Annapolis by What's Up Annapolis.

14. Ledo Pizza is a special type of pizza. It uses a secret recipe, proprietary ingredients and a distinctive rectangular method of presentation, all developed and marketed by Ledo Pizza since 1955.

15. System has developed a line of proprietary products, including subs, salads and Italian entrees (collectively the "Proprietary Products") which use trade secrets developed by System.

16. Customers have come to recognize the distinctive pizza presentation and associate Ledo Pizza with quality products.

17. Over the years, Plaintiffs have invested millions of dollars in the advertisement and promotion of the Ledo Pizza brand and trademark in order to establish a strong bond between the Ledo Pizza name, Plaintiffs' products and customer goodwill.

18. System and Carryouts have continuously monitored and regulated the use of its trademark and service mark, ensuring tight control over the use of its trademark and service mark.

19. The acts of Uber described herein occurred in interstate commerce, affect interstate commerce and adversely affect Plaintiffs' interstate business.

20. The Court's jurisdiction over this action is predicated upon 15 U.S.C. §1121.

21. This Court has personal jurisdiction over Uber as it operates its delivery service business described herein throughout the District of Maryland. In addition, upon

information and belief, a substantial portion of the events comprising this Complaint occurred in the District of Maryland where Uber advertises and conducts business.

22. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and (c).

## Background

23. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

24. Uber is a food delivery service providing products from various restaurants to consumers across the United States and, in particular, the State of Maryland. Uber operates its food delivery service under the name "UberEats".

25. Consumers are able to use Uber's website or mobile phone application to order products from local businesses which are then delivered to their door. Uber charges a service/delivery fee to consumers for the use of its website or mobile phone application for delivery of said products. Uber's model is comparable to other online delivery services such as GrubHub and DoorDash.

26. Plaintiffs recently discovered that Uber was using the service mark and trademark, LEDO PIZZA®, to conduct web based advertising and other similar uses on its website: www.ubereats.com, including https://www.ubereats.com/washington-dc/food-delivery/ledo-restaurant/TuSGIa46S_CQP5X7f-4fNA.

27. Uber advertises to consumers using Uber's website and mobile phone application that it will deliver Ledo Pizza products to their door. A copy of the

advertisement is attached hereto and incorporated as Exhibit A.

28. This advertising includes an identical menu of Ledo Pizza products to that which is found at the specified Ledo Pizza location. A copy of the menu utilized by Uber for its Ledo Pizza advertisement is attached hereto and incorporated as Exhibit B.

29. In fact, there is an option at the bottom of the page which allows a customer to use Uber to find or order a custom item at Ledo Pizza.

30. Plaintiffs are not affiliated with Uber in any fashion and have not authorized Uber to deliver its food products to customers.

31. Furthermore, Plaintiffs have not authorized Uber's use of the LEDO PIZZA® service mark and/or trademark at any time.

32. Although Uber is not affiliated with Plaintiffs and lacks any authority to advertise or promote the Ledo Pizza name in its business, Uber continuously advertises that it delivers food from Plaintiffs' restaurants.

33. These advertisements include the Ledo Pizza name and its Proprietary Products. More particularly, Uber's website and mobile phone application advertise that it will deliver items such as the "Ledo Steak & Cheese," the "Ledo Deluxe Pizza," and the "Ledo Lasagna." See Exhibit B.

34. These advertisements are intended to confuse consumers into believing that Uber is authorized to advertise and deliver Plaintiffs' name and products.

35. Plaintiffs do not independently offer a delivery service to their customers

because Plaintiffs have not been able to ensure that Plaintiffs' quality standards will be met with a delivery service.

36. Since there is no affiliation between Plaintiffs and Uber, Plaintiffs are unable to have any control over the food handling or quality standards of an Uber delivery.

37. Consumers assume that there is an affiliation between Plaintiffs and Uber and that the products they receive from Uber will comport with the quality products they have come to associate with the Ledo Pizza name over the years; however, Plaintiffs have no control or ability to ensure that their customers receive those quality products.

38. On March 9, 2020, counsel for System and Carryouts sent a letter to Uber advising that its use of the LEDO PIZZA® service mark and trademark was unauthorized and in violation of Federal and State trademark law. The letter demanded that Uber immediately remove the LEDO PIZZA® service mark and trademark from its website and mobile phone application. A copy of the March 9, 2020 letter is attached hereto and incorporated as Exhibit C.

39. It appeared that Uber thereafter promptly removed the LEDO PIZZA® service mark and trademark from its website; however, approximately three months after removal, Uber again began advertising the LEDO PIZZA® service mark and trademark on its website and mobile phone application.

40. On July 13, 2020, counsel for System and Carryouts sent a second letter to Uber again demanding the permanent removal of the LEDO PIZZA® service mark and

trademark from its website. A copy of the July 13, 2020 demand letter is attached hereto and incorporated as Exhibit D.

41. On July 30, 2020, counsel for System and Carryouts sent a third and final notice to Uber demanding the permanent removal of the LEDO PIZZA® service mark and trademark from its website. A drafted copy of this complaint was also enclosed as notice of intent to pursue legal action. A copy of the July 30, 2020 notice letter is attached hereto and incorporated as Exhibit E.

42. Uber has failed to respond to the July 13, 2020 demand letter and July 30, 2020 notice letter and, as of the date of this filing, Uber continues to use the LEDO PIZZA® service mark and trademark on its website and mobile phone application.

## COUNT I
### (Trade Mark Infringement)

43. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

44. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

45. Plaintiffs registered the trademark, "LEDO PIZZA®" with the USPTO.

46. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations.

47. Applicable trademark laws require that the Plaintiffs affirmatively act to

protect the trademark and service mark.

48. Uber has utilized the trademark and service mark of Plaintiffs without authorization in interstate commerce as part of its food delivery service.

49. The use of the Plaintiffs' service mark and trademark constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trademark in violation of the Lanham Act.

50. Uber has acted willfully and in bad faith in its unauthorized use of the "LEDO PIZZA®" trademark and service mark as Uber has thrice been put on notice of its unauthorized use and violation of the law and yet, Uber continues such unauthorized use.

51. Uber's unauthorized use of the trademark and service mark has caused and will continue to cause Plaintiffs to suffer irreparable harm to the goodwill and reputation built by Plaintiffs over the last sixty years.

52. More particularly, Uber's unauthorized use of the Plaintiffs' trademarks is likely to cause confusion among consumers and others as to Plaintiffs' sponsorship or authorization of Uber's delivery services.

53. Plaintiffs have no ability to control the quality, timeliness, or other conditions of Uber's delivery service, while consumers may assume that there is some authorization and/or control by Plaintiffs.

54. Uber's continued use and advertisement of the Ledo Pizza® service mark and trade mark will continue to cause irreparable harm to the Plaintiffs and the consumer

goodwill generated by the service mark and trade mark.

55. Plaintiffs have no adequate remedy at law as the continued unauthorized use of Plaintiffs' marks will continue to cause damage to Plaintiffs' marks and brand completely out of control of the Plaintiffs.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request that this Honorable Court preliminarily and permanently enjoin the Defendant, Uber Technologies, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Uber's infringing activities, award the Plaintiffs' costs and attorneys' fees against Uber, and further request that this Honorable Court grant such other and further relief as the nature of its cause may require.

## COUNT II
### (Unfair Competition and False Designation of Origin)

56. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

57. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

58. Plaintiffs registered the trademark, "LEDO PIZZA®" with the USPTO.

59. By virtue of its use of the name, Plaintiffs also have a common law right to the exclusive use of the name.

60. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products from its franchise locations to its consumers.

61. Plaintiffs prescribe a certain image for the Ledo Pizza® name and the proprietary products.

62. Customers have come to associate the Ledo Pizza name with quality products creating a highly recognizable brand in the Mid-Atlantic and Southeastern United States.

63. Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and trade dress.

64. Uber's use of the Plaintiffs' service mark and trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Uber's business with Ledo Pizza®, or as to the origin, sponsorship or approval of Uber's goods, services or commercial activities among potential patrons of the Plaintiffs and their licensees and franchisees.

65. Uber offers customers an opportunity to provide feedback for the products that Uber delivers. The ability to provide feedback of the Plaintiffs' products causes confusion as to the affiliation or association between Uber's business and Ledo Pizza®.

66. Customers are likely to believe that this information is shared between Plaintiffs and Uber based on a mistaken affiliation or association.

67. In fact, Plaintiffs have received customer complaints concerning deliveries conducted by unauthorized third-party delivery services of Plaintiffs' products based on the delivery services' unauthorized advertisement of the Ledo Pizza® service mark and trademark. The unauthorized use of the Ledo Pizza® service mark and trademark has already led to confusion among Plaintiffs' customers that Plaintiffs partner with or otherwise endorse third party delivery services.

68. The customer complaints based on food quality and delivery services are the precise reason that Plaintiffs have never offered delivery services to their customers. Plaintiffs have not been able to ensure that customers will receive the quality products they have come to expect from Plaintiffs through a delivery service.

69. Plaintiffs have no control over the delivery experience a customer receives from Uber and are therefore rendered helpless in resolving these customer complaints.

70. The use of the Plaintiffs' service mark and trademark constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trade mark.

71. Uber's activities violate the express provisions of 15 U.S.C. § 1125(a).

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Uber Technologies, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Uber's infringing activities, award the Plaintiffs' costs and attorneys' fees against Uber,

and grant such other and further relief as the nature of its cause may require.

## COUNT III
### (Common Law Unfair Competition Trade Name Infringement)

72. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

73. By virtue of its use of the mark "Ledo Pizza®" over the last sixty years, Plaintiffs have a common law right to the exclusive use of the mark and any derivatives thereof.

74. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products from its franchise locations to its consumers.

75. Plaintiffs prescribe a certain image for the Ledo Pizza® name and the Proprietary Products.

76. Plaintiffs' mark has become famous in Maryland, Virginia, Pennsylvania and Washington, D.C. and is widely known throughout the eastern United States.

77. Uber's unauthorized use of the Plaintiffs' service mark and trademark is likely to cause deception as to the affiliation, connection, or association of Uber's business with Ledo Pizza® among potential patrons of the Plaintiffs and their licensees and franchisees.

78. Uber offers customers an opportunity to provide feedback for the products

that Uber delivers. The ability to provide feedback of the Plaintiffs' products causes confusion as to the affiliation or association between Uber's business and Ledo Pizza®.

79. Customers are likely to believe that this information is shared between Plaintiffs and Uber based on a mistaken affiliation or association.

80. In fact, Plaintiffs have received several customer complaints concerning deliveries conducted by third-party delivery services of Plaintiffs' products based on the delivery services' unauthorized advertisement of the Ledo Pizza® service mark and trademark. The unauthorized use of the Ledo Pizza® service mark and trademark has already led to confusion among Plaintiffs' customers that Plaintiffs partner with or otherwise endorse third-party delivery services.

81. The customer complaints based on food quality and delivery services are the precise reason that Plaintiffs have never offered delivery services to their customers. Plaintiffs have not been able to ensure that customers will receive the quality products they have come to expect from Plaintiffs through a delivery service.

82. Plaintiffs have no control over the delivery experience a customer receives from Uber and are therefore rendered helpless in resolving these customer complaints.

83. Through its unauthorized use of the Plaintiffs' trademark and service mark, Uber has engaged in unfair competition with the Plaintiffs.

84. Uber's unauthorized use of the Plaintiffs' service mark and trademark also constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and

trademark.

85. Uber violated and continues to violate the Plaintiffs' exclusive common law right to trade as "Ledo Pizza®."

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Inc., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Uber Technologies, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Uber's infringing activities, award the Plaintiffs' costs and attorneys' fees against Uber, and grant such other and further relief as the nature of its cause may require.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information and belief.

*James B. Beall, President*
*Ledo Pizza System, Inc.*

McNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

By: /s/
Brent M. Ahalt

15

Bar # 13741

By:_____/s/_____
Garth E. Beall
Bar # 13962

6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
*Attorneys for Plaintiffs*